

**KAUFMAN BORGEEST & RYAN LLP**

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600  FAX: 212.980.9291  WWW.KBRLAW.COM

July 14, 2015

JOAN M. GILBRIDE
DIRECT: 212.994.6517
JGILBRIDE@KBRLAW.COM

<u>VIA ECF</u>

Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Caroline Castellaw, et al. v. Excelsior College*
Docket No: 1:14-CV-01048 (JBW) (RLM) and related actions 14-cv-4989; 14-cv-5038;14-cv-5040; 14-cv-5041; 14-cv-5103; 14-cv-5176;14-cv-5355; 14-cv-5357;14-cv-5519;14-cv-5520; 14-cv-6180; 14-cv-6187; 14-cv-5012; 14-cv-6582;14-cv-7355; 15-cv-00150; 15-cv-00152;15-cv-00153;15-cv-00154; 15-cv-00151

Dear Judge Weinstein:

We represent Excelsior College in this matter and the referenced related cases. In advance of the July 15, 2015 Fairness Hearing, we write to submit: (1) a joint Proposed Final Approval Order; and (2) Declaration of Robin Denyer of Hamlin & Burton Liability Management, Inc., the Claims Administrator, regarding the notices issued and claims administration process.

The parties adopt the arguments submitted in the Motion for Preliminary Approval of the Stipulation of Settlement, which was preliminarily approved by the Court by Order dated March 5, 2015, and the Amended Preliminary Approval Order dated March 30, 3015.

The proposed Stipulation of Settlement is a "fair, reasonable, and adequate" settlement of this action between Plaintiffs and Defendant Excelsior College. After vigorous, arms-length negotiations before the Honorable Roanne L. Mann, the Parties agreed to the recommendation of Judge Mann, which provides substantial equitable and monetary relief to the Plaintiffs and the class.

Under Federal Rule of Civil Procedure 23(e), Court approval of a proposed class action requires three steps: (1) preliminary approval of the settlement; (2) notice to the class of the settlement and a final approval hearing; and (3) final approval. The first two steps have been completed. First, on March 5, 2015, the Court signed the Preliminary Approval Order.

Second, the parties gave notice to the class in the form and manner specified in the Preliminary Approval Order. Within the time limits ordered by the Court, the Claims Administrator mailed

Castellaw v. Excelsior
1:14-CV-01048 (JBW) (RLM)
Page 2

the notice by U.S. mail to 1169 "Conditional Class Members." Four of the Class Notices issued by U.S. mail were returned (.003%). Additionally, 1,167 Class Notices were sent via e-mail on March 16, 2015. Of those 1167, 657 (59.3%) were opened by the e-mail custodian, 59 (5.1%) were returned as undeliverable, and three (.5%) were forwarded. The remaining e-mails were delivered; however, Hamlin & Burton did not receive confirmation as to whether they were opened. Accordingly, the parties have complied with the notice requirements in the Court's Order.

424 Claims have been approved, 52 have been denied for not meeting settlement criteria, and 18 claims were submitted that were time barred for not meeting the Court appointed deadlines. The parties are not aware of any objections to the Proposed Settlement. There are two opt-outs from the settlement.

The parties request that the Court approve the proposed Stipulation of Settlement because it meets all the relevant fairness standards for final approval under Federal Rule of Civil Procedure 23(e), and issue an Order: (1) approving as final the class-wide settlement of this action; (2) finally certifying the settlement class as described in the Preliminary Approval Order; (3) approving the attorneys' fees to Plaintiff's Counsel; and (4) dismissing the action with prejudice.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*[signature]*

Joan M. Gilbride

cc: Honorable Roanne L. Mann
John Hermina, Esq.
(*via ECF*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE CASTELLAW, CHERYL CARNES, KATHRYN ROSE, AMANDA WILSON, HELEN SPOSATO, KACY MCDONOUGH, SHERRY TAITZ, MARLA HUBER, JOY MARIE CZAPSKI, DANIEL QUICK, CHARITY RICHERT, DIANE RUBENS, KAREN BLANKEN, WANDA PENNINO, JILLIAN PHELAN, DEBORAH MCCARVER and DEBORAH ALEXANDER, *ET AL.*,<br><br>Plaintiffs,<br><br>-against-<br><br>EXCELSIOR COLLEGE,<br><br>Defendant. | Civil Action No.:<br><br>1:14-CV-01048-JBW-RLM<br><br>(and related action Nos.:<br>14-cv-4989<br>14-cv-5038<br>14-cv-5040<br>14-cv-5041<br>14-cv-5103<br>14-cv-5176<br>14-cv-5355<br>14-cv-5357<br>14-cv-5519<br>14-cv-5520<br>14-cv-6180<br>14-cv-6187<br>14-cv-5012<br>14-cv-6582<br>14-cv-7355<br>15-cv-00150<br>15-cv-00152<br>15-cv-00153<br>15-cv-00154<br>15-cv-00151) |

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiffs and Class Representatives ("Class Representatives" or "Plaintiffs") set forth in Exhibit "A" to the Stipulation of Settlement ("Stipulation") on behalf of themselves and the class, and Defendant Excelsior College ("Excelsior") for: (1) an Order granting final approval of the Parties' Stipulation of Settlement resolving this class action on a nationwide basis, and (2) entry of a Judgment and Order dismissing this action with prejudice;

The Court has considered all matters submitted to it at the Fairness and Final Approval Hearing held on July 15, 2015 at 11:00 a.m. and otherwise;

The Court entered an Amended Preliminary Approval Order dated March 30, 2015, preliminarily certifying the proposed Class for settlement purposes under Federal Rule of Civil

Procedure 23, ordering Notice to Class Members, and preliminarily approving the Parties' Stipulation of Settlement;

The Parties confirmed to the Court that the Claims Administrator mailed and/or e-mailed Notice to Class Members of the pendency of the class action and the proposed settlement, in the form approved by the Court, to all persons and entities reasonably identifiable who fit within the Settlement Class definition set forth in the Preliminary Approval Order;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of this litigation, Plaintiffs, all Class Members, and Excelsior. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Stipulation and/or Judgment.

2. <u>Definitions</u>. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Stipulation.

3. <u>Class Action Requirements</u>. The Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that:

    A. The Settlement Class is so numerous that the joinder of all members is impracticable;
    B. There are questions of law or fact common to the Settlement Class;
    C. The Settlement Class Representatives' claims are typical of the other Settlement Class Members' claims;
    D. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class and absent Settlement Class members. The Settlement Class Representatives retained counsel experienced in bringing class actions; and
    E. The questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and the settlement class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. <u>Certification of Settlement Class</u>. The requirements of Federal Rule of Civil Procedure 23 having been met, the Court certifies the following Settlement Class for the purpose of effectuating the Settlement:

> All current or former students of Excelsior College's Associate Degree in Nursing ("ADN") distance-learning program who took the Clinical Performance in Nursing Exam ("CPNE") at any time, failed the CPNE, and then paid for and took the CPNE on another occasion during the Class Period, from February 19, 2011 to March 5, 2015, and did not pass the CPNE on at least one more occasion during the Class Period.

5. <u>Final Approval of the Agreement</u>. The Court finds that the proposed Stipulation is approved as fair, reasonable, and adequate, pursuant to Federal Rule of Civil Procedure 23(e)(2). The Court further finds that each and every term, provision, condition, and agreement of the Stipulation, including all exhibits and amendments thereto, apply and are adopted, incorporated, and made part of this Order, as if copied herein and shall be effective, implemented, and enforced as provided in the Stipulation.

6. <u>Non-Monetary Relief</u>. Excelsior shall effect, implement, and enforce all non-monetary relief provided for in the provision on Disclosure Modification – Non-Monetary Relief described in Section XII.B of the Stipulation.

7. <u>Monetary Relief</u>. Excelsior shall pay the monetary amounts to the Class Representatives as set forth in the Stipulation of Settlement in accordance with the terms and conditions set forth.

8. <u>Attorneys' Fees, Costs and Expenses</u>. The Court awards to Settlement Class Counsel, Attorneys' Fees as set pursuant to Section XIII of the Stipulation, which the amount the Court finds is fair, adequate, and reasonable. This amount shall be paid by Excelsior within ten (10) business days after the Effective Date as defined in Section XIII.B of the Stipulation.

9. <u>Dismissal with Prejudice</u>. The Court dismisses with prejudice the Class Action—which includes all related actions set forth in Exhibit "1"—on the Final Approval Date as defined in Section VIII.D of the Stipulation.

10. <u>Release of Claims</u>. Pursuant to Section VIII.A-C, all Class Representatives, the Settlement Class, and each member of the Settlement Class, with respect to each and every Released Claim, release and forever relinquish and discharge, and are forever enjoined from prosecuting all Released Claims against any of the Released Parties. The Released Parties' liability to the Class Representatives, the Settlement Class, and all Settlement Class members is expressly extinguished under the Stipulation.

11.  Entry of Judgment.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

_____
Hon. Jack B. Weinstein, U.S.D.J.

EXHIBIT 1

3121543

## List of Class Representatives and Civil Action Numbers for Related Cases

| Civil Action No. | Last Name | First |
|---|---|---|
| 14-cv-1048 | Alexander | Debra |
| 14-cv-1048 | Austin | Carol |
| 14-cv-1048 | Baker | Heike |
| 14-cv-1048 | Bal | Zavida |
| 14-cv-1048 | Bataille | Lily |
| 14-cv-1048 | Berner | Rebecca |
| 14-cv-1048 | Bertucci | Brenda |
| 14-cv-1048 | Blanken | Karen |
| 14-cv-1048 | Bolton | Robin |
| 14-cv-1048 | Briones | Anna |
| 14-cv-1048 | Brown | Marcia |
| 14-cv-1048 | Cain | Rhonda |
| 14-cv-1048 | Carnes | Cheryl |
| 14-cv-1048 | Castellaw | Caroline |
| 14-cv-1048 | Cessna | Robbin |
| 14-cv-1048 | Childress | Aaron |
| 14-cv-1048 | Colletti-Huber | Marla |
| 14-cv-1048 | Craig | Christina |
| 14-cv-1048 | Crowley | Ollette |
| 14-cv-1048 | Czapski | Joy Marie |
| 14-cv-1048 | Davis | Charlotte |
| 14-cv-1048 | Dawson | Christi |
| 14-cv-1048 | Dorr | Stacey |

| | | |
|---|---|---|
| 14-cv-1048 | Frye | Christina |
| 14-cv-1048 | Giganti | Vincent |
| 14-cv-1048 | Gilmore | Ernest J. |
| 14-cv-1048 | Gombeda | Lynelle |
| 14-cv-1048 | Halcovage | William |
| 14-cv-1048 | Hershman | Deborah |
| 14-cv-1048 | Hoban | Celeste |
| 14-cv-1048 | Hurt | Tricia |
| 14-cv-1048 | Hutter | Charlotte |
| 14-cv-1048 | Irby | Kelsay |
| 14-cv-1048 | Johnson | Sharma |
| 14-cv-1048 | Jolly | Maketa |
| 14-cv-1048 | Jones, Jr. | Ray D. |
| 14-cv-1048 | Kemble | Tod |
| 14-cv-1048 | Kent | Kathy |
| 14-cv-1048 | Krabbe | Charles |
| 14-cv-1048 | Lamp | Justin |
| 14-cv-1048 | Lawes-Burgos | Nadine |
| 14-cv-1048 | Lockshier | Roger |
| 14-cv-1048 | Marin | Ileana |
| 14-cv-1048 | Mbu | Vivian |
| 14-cv-1048 | McCarty | Staci |
| 14-cv-1048 | McCarver | Deborah |
| 14-cv-1048 | McDonough | Kacy |
| 14-cv-1048 | McFadden | Elizabeth |
| 14-cv-1048 | Murk | Lisa |
| 14-cv-1048 | Myer | Nathan |

3121543

| | | |
|---|---|---|
| 14-cv-1048 | Nestor | Julie |
| 14-cv-1048 | Norton | Lacie |
| 14-cv-1048 | Ogborn | Ann |
| 14-cv-1048 | Pennino | Wanda |
| 14-cv-1048 | Phelan | Jillian |
| 14-cv-1048 | Quick | Daniel |
| 14-cv-1048 | Rawson | Simon |
| 14-cv-1048 | Reynolds | Barbara V. |
| 14-cv-1048 | Richard | Carmen |
| 14-cv-1048 | Richert | Charity |
| 14-cv-1048 | Rose | Kathryn |
| 14-cv-1048 | Rubens | Diane |
| 14-cv-1048 | Schimshock | Lori |
| 14-cv-1048 | Simpson | Jeffery |
| 14-cv-1048 | Sposato | Helen |
| 14-cv-1048 | St. Aubin | Jenny |
| 14-cv-1048 | Taitz | Sherry |
| 14-cv-1048 | Taylor | Nicole |
| 14-cv-1048 | Togarepi | Leann |
| 14-cv-1048 | Tudor | Johnathan |
| 14-cv-1048 | Welch | Archie |
| 14-cv-1048 | Wells | Donald |
| 14-cv-1048 | Williams | Mary |
| 14-cv-1048 | Wilson | Amanda |
| 14-cv-1048 | Wright | Robin |
| 14-cv-4989 | Richardson | Felicia |
| 14-cv-5038 | Hedgepath | Ladonna |

3121543

| Case Number | Last Name | First Name |
|---|---|---|
| 14-cv-5040 | Parker | Andrea |
| 14-cv-5041 | Upegui | Cristina |
| 14-cv-5103 | Finch | Timothy |
| 14-cv-5176 | Ramirez | Roxanne |
| 14-cv-5355 | Bodell | Patricia |
| 14-cv-5357 | Shelton | Fallen |
| 14-cv-5519 | Kirker | Brianne |
| 14-cv-5520 | Machetta | Sally |
| 14-cv-6180 | Dowburd | Julie |
| 14-cv-6187 | Dickerson | Paul |
| 14-cv-5012 | Parham | Rita |
| 14-cv-6582 | Fraser | Rebecca |
| 14-cv-7355 | Stephens | Keena |
| 15-cv-00150 | Bryant | Lindsay |
| 15-cv-00152 | Reeves | Michael |
| 15-cv-00153 | Torres | Carmen |
| 15-cv-00154 | Trammell | Kelly L. |
| 15-cv-00151 | Cassa-Brewster | Andrea |
| 15-cv-00151 | Koch | Tina |
| 15-cv-00151 | Pretti | Kathleen |
| 15-cv-00151 | Spielman | Jacqueline |

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
NEW YORK

| | |
|---|---|
| CAROLINE CASTELLAW, CHERYL CARNES, KATHRYN ROSE. AMANDA WILSON, HELEN SPOSATO, KACY MCDONOUGH, SHERRY TAITZ, MARLA HUBER, JOY MARIE CZAPSKI, DANIEL QUICK, CHARITY RICHERT, DIANE RUBENS, KAREN BLANKEN, WANDA PENNINO, JILLIAN PHELAN, DEBORAH MCCARVER, DEBRA ALEXANDER, DONALD WELLS, CELESTE HOBAN, SIMON RAWSON, ILEANA MARIN, ROBIN WRIGHT, ZAVIDA BAL, BRENDA BERTUCCI, LEANN TOGAREPI, REBECCA BERNER CHRISTINA FRYE, MARCIA BROWN, AARON CHILDRESS, JENNY ST. AUBIN, RHONDA CAIN, HEIKE BAKER, STACEY DORR, CARMEN RICHARD---GOULD, LORI SCHIMSCHOCK, and JEFFERY C. SIMPSON, <br><br>Plaintiffs, on behalf of themselves and similarly---situated others. <br><br>v. <br><br>EXCELSIOR COLLEGE 7 Columbia Circle Albany, New York 12203 <br><br>Defendant. | No. 14---cv---01048 <br><br>(JBW) (RLM) |

## CLASS ADMINISTRATOR AFFIDAVIT

I, **ROBIN DENYER**, being first duly sworn, deposes and says:

1. I am the Client Relations Manager for Hamlin & Burton Liability Management, Inc. ("Hamlin & Burton") and am responsible for overseeing the administration of the above referenced class action lawsuit.

3121609

Class Administrator
(Hamlin & Burton) Affidavit
07/14/2015

2. On March 10, 2015, Hamlin & Burton received from Defendant's counsel a list of 1169 "Conditional Class Members" which included mailing addresses for most of the "Conditional Class Members." The list was since supplemented and on March 16, 2015 included a mailing address for each of the 1169 "Conditional Class Members."

3. On March 16, 2015, Hamlin & Burton as the court appointed Class Administrator for the above-referenced class action lawsuit and in accordance with the Order Directing Class Notice caused the Class Notice to be mailed to 1169 "Conditional Class Members."

4. The list of unique addresses was processed through the United States Postal Service (USPS) Licensee site. A search of the United States Postal Service (USPS) mover database resulted in 24 records which were changed to new addresses.

5. Attached as Exhibit "A" is a copy of the Class Notice that was sent.

6. As of July 14, 2015, a total of four notices have been returned as undelivered. Each returned notice has been date-stamped, scanned and recorded in our proprietary database CHaRT® with the originals scheduled for destruction at the conclusion of the class action.

7. On March 16, 2015, the Class Notice was also sent via email to 1162 of the "Conditional Class Members." Three additional Class Notices were emailed on March 17, 2015 and two more were emailed on April 1, 2015. A total of 1167 Class Notices were sent via email to "Conditional Class Members." Of those 1167, 657 (59.3%) were opened by the recipient e-mail custodian, 59 (5.1%) were returned as undeliverable, and three (.5%) were automatically forwarded to another e-mail address.

8. As of July 14, 2015, of the four notices returned as undeliverable by U.S. mail, two received the Class Notice by email without opening it, one was returned as undeliverable to the provided email address, and for one we were unable to locate an email address and therefore did not receive notice.

9. Additionally, on March 18, 2015, the Claim Form, Memorandum in Support of Approval, Notice of Settlement, Preliminary Approval Order, Stipulation of Settlement, important dates, contact information and other pertinent information were posted and made available to the public via the internet at www.excelsiorclassaction.com.

10. As of July 14, 2015, 424 claims have been approved, 52 have been denied for not meeting settlement criteria and 18 claims were submitted but time barred for not meeting the court appointed deadlines.

3121609

Class Administrator
(Hamlin & Burton) Affidavit
07/14/2015

11. Additionally, as of July 14, 2015, two communications were received before the deadline indicating an intention to opt-out and three more opt-outs were submitted after the deadline.

_____
ROBIN DENYER

STATE OF FLORIDA
COUNTY OF SEMINOLE

Sworn to and subscribed before me this $\underline{4^{th}}$ day of July, 2015, by ROBIN DENYER, personally known to me.

_____
NOTARY PUBLIC

(NOTARY SEAL)



LAURIE ANN STURM
MY COMMISSION #FF072845
EXPIRES February 15, 2018
(407) 398-0153  FloridaNotaryService.com

3

3121609

# Exhibit "A"


## Hamlin & Burton
LIABILITY MANAGEMENT

### NOTICE OF SETTLEMENT

March 16, 2015

**VIA E-MAIL and US MAIL**

Re: Caroline Castellaw *et al* v. Excelsior College
E.D.N.Y. Civil Action No.: 14-cv-01048-JBW-RLM

The parties in the above-referenced matter have entered into a Stipulation of Settlement in an action commenced by current and former students of Excelsior College ("Excelsior") to resolve certain allegations of unfair business practices under the New York State General Business Law that Excelsior denied. The matter was filed as a class action lawsuit. Thus, pursuant to the Stipulation of Settlement, compensation may be awarded to any current or former student of Excelsior's ADN Nursing Degree Programs, who took the Clinical Performance in Nursing Examination ("CPNE") and did not pass the CPNE, and then took the CPNE on an additional occasion during the **period of February 19, 2011 through March 5, 2015,** and did not pass the CPNE on one or more occasions during that period, and who demonstrate that s/he is entitled to recover as a member of the designated class. Eligible Class Members are entitled to a payment of $200.00 for each CPNE failure during the period February 19, 2011 through March 5, 2015.

If you believe that you have such a claim, you must make such claim in writing by completing the attached claim form, which must be returned and postmarked on or before June 15, 2015 to Hamlin & Burton Liability Management, Inc., the Third-Party Administrator (TPA). If TPA has not received notification from you in writing which was postmarked by June 15, 2015, you will not be allowed to make any such claim for compensation and any claims you might have against Excelsior will be barred. Your Claim Form must be returned to TPA via U.S. mail at Hamlin & Burton Liability Management, Inc., 615 Crescent Executive Court Suite 212, Lake Mary, FL 32746 or via email at excelsiorclassaction@hamlinandburton.com. For additional information go to www.excelsiorclassaction.com.

Please be advised that class members may make a request to be excluded from the monetary relief offered as part of the settlement. Any such request must be sent to TPA postmarked on or before May 15, 2015. Class members are also entitled to object to the provisions of the

**Confidentiality and HIPAA Compliance Notice:** This communication, including any attachments, is intended for the named recipient(s) and may contain information that is (i) proprietary to the sender, and/or, (ii) privileged, confidential and/or otherwise exempt from disclosure under applicable state and federal law, including, but not limited to, privacy and security standards imposed pursuant to the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Receipt by anyone other than the named recipient(s) is not a waiver of any applicable privilege. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of the original message.

Notice of Settlement<br>
Castellaw et al v. Excelsior College<br>
Hamlin & Burton<br>
Page 2 of 2

Stipulation of Settlement and that objection must be postmarked on or before July 8, 2015. In addition, you are advised that class members may enter an appearance through counsel on this matter. The class judgment will have a binding effect on all class members. There will be a Fairness Hearing held in this matter to determine whether the conditions provided for in the Settlement Agreement are fair, reasonable, and adequate. This hearing is currently scheduled for July 15, 2015 at 11:00 a.m. in Courtroom 10 B South at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East before the Honorable Jack B. Weinstein.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, you may access the Court docket in this case through the Court's Public Access to the Court Electronic Records (PACER) system at https://www.pacer.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, New York, New York 11201, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have any additional questions or concerns, please contact the Hermina Law Group at 301-776-2003.

Sincerely,

Robin Kendall, TPA Supervisor

Enclosures: Claim Form

Caroline Castellaw *et al* v. Excelsior College
E.D.N.Y. Civil Action No.: 14-cv-01048-JBW-RLM

# CLAIM FORM

### THIS FORM MUST BE COMPLETED AND RETURNED TO TPA
### BY **JUNE 14, 2015**

In order to process your claim, we request that you fully and completely respond to the requests for information and questions below.

If at any time you wish to update the information provided, such as a change in name, address or telephone number, you must contact the Third-Party Administrator (TPA) and advise that office of your change request.

| 1. Please print the following identification information: | | | |
|---|---|---|---|
| NAME (FIRST, MIDDLE INITIAL, LAST): | | | |
| ADDRESS (RESIDENCE): | | CITY: | |
| STATE: | ZIP CODE: | | COUNTRY: |
| HOME PHONE: | | SOCIAL SECURITY NO.: | |
| DAY PHONE WORK: CELL: | | CONVENIENT TIME TO CALL: | |
| EMAIL ADDRESS (optional): | | | |

| 2. When were you enrolled in Excelsior College's Associate Degree in Nursing Program | | |
|---|---|---|
| START DATE: | END DATE: | State of Residence: |

| 3. When did you take the CPNE Exam, and what were the results of the Exam? | | | |
|---|---|---|---|
| CPNE TEST DATE | LOCATION | PASS | FAIL |
| | | | |
| | | | |
| | | | |
| | | | |

| 13. Please enclose any documents, papers, statements, bills, etc. which you believe support or corroborate any information you provided on this form. Please list here the documents you are enclosing: |
|---|
| ENCLOSED DOCUMENTS: |
| |

2925510

Caroline Castellaw *et al* v. Excelsior College
E.D.N.Y. Civil Action No.: 14-cv-01048-JBW-RLM

Should this claim form be accepted, I hereby agree to the terms of the settlement as outlined in the Court's Preliminary Approval Order and the Stipulation of Settlement between the parties, including releasing and forever discharging Excelsior College, its trustees, officers, deans, faculty, agents, attorneys, insurers, successors and assigns from any and all liability in connection with allegations made in the complaint or any amendments or related complaints, as more fully set forth in the Stipulation of Settlement between the parties. If I am currently enrolled at Excelsior, I am not waiving my right to engage or discuss with Excelsior or its employees, Excelsior's curriculum, Excelsior's activities or anything related to the ongoing operation of Excelsior in the course of my ongoing enrollment at Excelsior.

I declare under penalty of perjury that the statements in this Claim Form are true.

_____
PRINT NAME

_____  _____
SIGNATURE                       DATE

Please submit your completed Claim Form to:

Hamlin & Burton Liability Management, Inc.
615 Crescent Executive Court Suite 212
Lake Mary, FL 32746
(321) 972-0121

or

excelsiorclassaction@hamlinandburton.com

If you have any additional questions, please contact the Hermina Law Group at 301-776-2003.

2925510