UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CAROLINE CASTELLAW, et al.,

                              **Plaintiffs,**   **REPORT AND RECOMMENDATION**

                  -against-   14-CV-1048 (JBW)

**EXCELSIOR COLLEGE,**

                              **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Plaintiffs brought this class action, on behalf of themselves and all others similarly situated, seeking damages and injunctive relief arising out of plaintiffs' enrollment in defendant Excelsior College's Associate Degree in Nursing Program (the "Nursing Program"). See Third Amended Complaint (Oct. 31, 2014) ("TAC"), Electronic Case Filing Docket Entry ("DE") #82. Although the action was settled in 2015, plaintiffs recently alleged that defendant was violating the settlement agreement, a dispute that the parties subsequently resolved. Currently before the Court, on referral from the Honorable Jack B. Weinstein, are *pro se* submissions filed by two named plaintiffs, Maketa Jolly and Mary Elizabeth Williams, who were represented by class counsel during the pendency of the case. For the reasons set forth below, this Court respectfully recommends that the motions filed by Maketa Jolly and Mary Elizabeth Williams be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in the underlying action alleged that defendant Excelsior College ("defendant") withheld material information regarding the Nursing Program and made

misrepresentations as to its nature and quality. Specifically, plaintiffs alleged in their pleading that defendant failed to inform them of graduation rates from the Nursing Program and failed to accurately disclose the pass rates for the Clinical Performance in Nursing Examination (the "CPNE"), for which each plaintiff paid over $2,000 each time he or she took the exam. See TAC ¶¶ 14, 16, 18, 20. Plaintiffs further alleged that delays in completing the Nursing Program caused them to incur additional annual fees and that defendant misled them as to the costs required for retaking the CPNE. See id. ¶¶ 107, 112. In addition, plaintiffs complained that defendant failed to inform them of the Nursing Program's deficiencies and the potential lack of transferability of credits earned in the Nursing Program. See id. ¶¶ 17, 22.

Following a settlement conference held before the undersigned magistrate judge on January 21, 2015, the parties agreed to settle plaintiffs' claims based on the terms of this Court's settlement recommendation. See Minute Entry (Jan. 21, 2015), DE #141; Minute Entry (Jan. 30, 2015), DE #145. The settlement agreement provided that plaintiffs would participate in the modification of the challenged disclosures made by defendant, that each named plaintiff would receive an incentive award of $2,500 for participating in the prosecution of the case, and that the named plaintiffs and putative class members would receive $200 for each time they had failed the CPNE. See Stipulation of Settlement (Feb. 20, 2015) (the "2015 Settlement Agreement"), DE #151-1. The settlement class was defined as all current or former students of defendant's Associate in Science and Associate in Applied Science in Nursing Degree Program, who had taken the CPNE at any time, failed the exam, paid for and taken the CPNE again during the class period, and failed the CPNE at least one other time during the class period. See id. § VII. On July 17, 2015, Judge Weinstein granted the

parties' motion for final approval of the settlement.  See Final Approval Order (July 17, 2015), DE #166.

On November 13, 2018, plaintiffs moved to set aside the 2015 Settlement Agreement, on the ground that defendant had breached the settlement agreement by continuing to provide inaccurate information to students regarding the passage rates for the CPNE.  See Motion to Set Aside Settlement and for Equitable and Legal Relief (Nov. 13, 2018), DE #178.  After conducting some discovery, the parties agreed to resolve their dispute and, by letter dated March 11, 2019, plaintiffs withdrew their motion to set aside the class settlement.  See Motion to Withdraw (Mar. 11, 2019), DE #201.

*Pro se* Maketa Jolly

Meanwhile, in a letter dated March 11, 2019, plaintiff Maketa Jolly, proceeding *pro se*, requested that Judge Weinstein assist her in connection with the impending suspension of her nursing license by the Board of Nursing of the State of New Jersey.  See Letter Motion for Injunction (received on Mar. 14, 2019) ("Jolly Motion"), DE #203.  Although it is unclear why the New Jersey Board of Nursing is suspending Ms. Jolly's nursing license, Ms. Jolly blames defendant Excelsior College for denying that Ms. Jolly graduated from the Nursing Program, in retaliation for her participation in this action.  See id. at 2-3.  Ms. Jolly claims that she "never passed [herself] off 'EVER' as an Excelsior graduate."[1]  Id. at 2.  However, Ms. Jolly's denial is belied by the email correspondence attached to her submission, in which

---

[1] There can be no dispute that Ms. Jolly did not graduate from the Nursing Program, as she alleges in the Third Amended Complaint that "[d]efendant refused to permit [p]laintiff to continue with the [Nursing] [P]rogram."  TAC ¶ 100.

3

she clearly communicated to the Maine and Pennsylvania licensing boards that she had completed Excelsior's Nursing Program. See Email from Keta Jolly to Virginia Delorimier dated March 20, 2018, DE #203 at 7; Email from Keta Jolly to Ashley Fox dated June 18, 2018, DE #203 at 14.

Following Judge Weinstein's referral of the Jolly Motion, see Order Referring Motion (Mar. 18, 2019), this Court requested that plaintiffs' counsel, John Hermina, Esq., ascertain from Ms. Jolly whether her request for relief was properly before this Court and whether the problem complained of could be resolved with plaintiffs' counsel's assistance, see Order (Mar. 27, 2019), DE #204. By letter dated April 3, 2019, Mr. Hermina advised that he had conferred with Ms. Jolly, who "determined that her request for relief is not properly before this Court" and "wishe[d] to withdraw" the Jolly Motion. See Letter (Apr. 3, 2019), DE #206. Mr. Hermina attached a letter from Ms. Jolly confirming her intention to withdraw the Jolly Motion. See id. at 2.[2]

Thereafter, by letter dated April 8, 2019, Ms. Jolly sought to "retract" her withdrawal of the Jolly Motion, claiming that she had been "intimidate[ed] and bull[ied]" by Mr. Hermina into withdrawing her motion. See Letter 4/8/19 from Maketa S. Jolly to USMJ Mann (Apr. 10, 2019) at 2, DE #208. In his response, Mr. Hermina denied Ms. Jolly's allegations against him but stated that he was otherwise unable to address the allegations in detail without implicating the attorney-client privilege. See Letter to the Honorable Judge Mann Regarding

---

[2] In addition, as noted by defendant, Ms. Jolly had executed a general release of her claims against Excelsior College on March 26, 2019, after submitting the Jolly Motion. See Ex. D to Declaration of Laura B. Juffa (Apr. 19, 2019), DE #210-1.

4

Filing by Ms. Maketa Jolly (Apr. 16, 2019), DE #209.

At the Court's invitation, defendant responded to the Jolly Motion.  See Letter in response to Plaintiff Maketa Jolly's pro se submissions (Apr. 19, 2019), DE #210.  Defendant explained that Ms. Jolly had enrolled in the Nursing Program in 2011 and was dismissed from the program in 2014 after failing to pass the Focused Clinical Competencies Assessment ("FCCA") despite three attempts.  Passing the FCCA is a prerequisite to taking the CPNE, the exam that was a focus of the instant lawsuit.  As a result, Ms. Jolly did not graduate from defendant's Nursing Program.  According to defendant, "Ms. Jolly has engaged in a troubling pattern of misrepresentation regarding her educational background in order to obtain a license as a Registered Nurse ('RN') in several states."  Id. at 1.  In response to inquiries from several state licensure agencies, Excelsior has confirmed to them that Ms. Jolly did not graduate from Excelsior's Nursing Program.  See id. at 3.  Moreover, Excelsior has requested that Ms. Jolly cease and desist from falsely representing herself as a graduate of the Nursing Program.  See id.

In a further submission dated June 7, 2019, titled "Motion for Summary Judgment/Permanent Injunction," Ms. Jolly alleges that defendant, its Dean of Nursing (Mary Lee Pollard), defense counsel, and various state boards of nursing conspired to deny her state licensure in Vermont, Pennsylvania and Missouri, and to have her New Jersey license suspended.  See Letter dated 6/7/2019 from Maketa Jolly to the Hon. Judge Roxanne [sic] Mann (June 13, 2019), DE #213.  Ms. Jolly further notes that she commenced an action in the Eastern District of Pennsylvania, based on the above facts, against Phyllis Mitchell of the State of Vermont Board of Nursing, Joanne Leone of the State of New Jersey Board of Nursing, and

Mary Lee Pound, Dean of Nursing at Excelsior College.[3]

On July 22, 2019, Ms. Jolly filed yet another document, titled "Defendant's Motion Requesting Mediation," wherein she requests that this Court "set this case for mediation and extend" defendant's deadline to respond to dispositive motions until the mediation has been completed. See Motion for Mediation (July 22, 2019), DE #214; see also Memorandum in Support (July 24, 2019) ("Jolly Mem.") at 1, DE #215.[4] Ms. Jolly attaches to her Motion for Mediation (DE #214) a document styled as "Violation of Stipulation #10," in which she alleges that the New Jersey Board of Nursing conducted a "fraudulent investigation . . . under the express direction of Mary Lee Pollard 'Excelsior College.'" Memorandum-Violation of Stipulation #10 (July 22, 2019), DE #214-1.

Faced with Ms. Jolly's July submissions, defendant counters that Ms. Jolly has commenced two federal actions that appear to encompass the allegations contained in her submissions to this Court: Jolly v. State of Vermont Board of Nursing, 19-cv-2208, filed on May 21, 2019 in the Eastern District of Pennsylvania (the "Pennsylvania case"); and Jolly v. New Jersey Board of Nursing, 19-cv-13889, filed on July 17, 2019 in the District of New Jersey (the "New Jersey case"). See Letter regarding *Pro Se* submissions (Aug. 2, 2019), DE #216. In the Pennsylvania case, on May 24, 2019, the District Court construed Ms. Jolly's

---

[3] It is not clear whether Ms. Jolly intended to name as defendants only the individuals or the entities as well. Moreover, the Court presumes that the reference to Mary Lee Pound was intended to be Mary Lee Pollard.

[4] Plaintiff cites in support "FERPA," the Family Educational Rights and Privacy Act, as well as "28 U.S. Code § 4101; 41 U.S. Code 6503; 15 U.S. Code 1825." Jolly Mem. at 1. The citation to the latter statutes is puzzling, as they pertain to foreign defamation judgments, public contracts, and the protection of horses, respectively.

6

complaint as naming as defendants the State of Vermont Board of Nursing and Phyllis Mitchell; the State of New Jersey Board of Nursing and Joanne Leone; and Excelsior College and Mary Lee Pound. See Memorandum and/or Opinion (May 24, 2019) at 1-2 & n.1, DE #4 in the Pennsylvania case. The Pennsylvania District Court dismissed the claims brought against Vermont and New Jersey, along with the official capacity claims against Vermont and New Jersey officials, on the ground of Eleventh Amendment immunity, see id. at 5-6, and transferred the remaining claims to the Northern District of New York, see id. at 6-8. On September 13, 2019, the District Court in the New Jersey case dismissed the action for failure to pay the court's filing fee or submit a complete application to proceed *in forma pauperis*. See Memorandum Opinion and Order (Sept. 13, 2019), DE #7 in the New Jersey case.

In a letter dated August 5, 2019, Ms. Jolly again accuses Ms. Pollard of defaming her to multiple state boards of nursing and of violating section 10 of the 2015 Settlement Agreement. See Letter to Court dated August 5, 2019 from Maketa S. Jolly (filed on Sept. 26, 2019) ("8/5/19 Ltr."), DE #218. Ms. Jolly attempts to distinguish the instant action from the Pennsylvania case, in that "[t]his case involves defamation, slander and deprivation of rights."[5] See id. at 2. Ms. Jolly attaches two letters from Ms. Pollard: one demanding that Ms. Jolly cease and desist from falsely representing herself as a graduate of Excelsior College's Nursing Program, see Letter from Mary Lee Pollard to Maketa S. Jolly, dated August 15, 2018 (attached to 8/5/19 Ltr.); and the other advising the Missouri State Board of

---

[5] Indeed, the complaint Ms. Jolly filed in the Pennsylvania case also alleged that Ms. Pollard "defamed" her by communicating with state licensing boards. See Complaint (May 21, 2019) at 5-6, DE #2 in the Pennsylvania case.

7

Nursing that Ms. Jolly was misrepresenting herself as a graduate of the Nursing Program, see Letter from Mary Lee Pollard to Missouri State Board of Nursing, dated August 15, 2018 (attached to 8/5/19 Ltr.). Ms. Jolly also proffers an excerpt from New Jersey's Board of Nursing's provisional order of discipline, suspending Ms. Jolly's license to practice nursing in New Jersey. See Provisional Order of Discipline (attached to 8/5/19 Ltr.).

*Pro Se* Mary Elizabeth Williams

Another named plaintiff, Mary Elizabeth Williams, has submitted a document, filed on April 1, 2019, titled "Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer." Pro Se Submission (Apr. 1, 2019), DE #205. Although Ms. Williams' *pro se* submission is largely incomprehensible, she attaches a copy of the parties' 2019 Confidential Settlement Agreement and General Release (the "2019 Settlement Agreement"), with each page bearing the following handwritten notations: "Moot and Frivolous," "Void on Face," and "See Enclosed Order."[6] Id.; see also Letter Motion to Certify Right of Subrogation (Apr. 17, 2019), DE #211.

## DISCUSSION

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never

---

[6] No order is attached to the document.

8

be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Indeed, subject matter jurisdiction may be raised by the Court *sua sponte*. See Lyndonville Sav. Bank, 211 F.3d at 700. "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In two narrow circumstances, a district court may exercise ancillary jurisdiction over claims that lack their own basis for federal subject matter jurisdiction: First, a district court is permitted "to decide matters that are 'factually interdependent' with another matter before the court . . . ." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quoting Kokkonen, 511 U.S. at 379). Second, a district court may expressly or implicitly retain ancillary jurisdiction to enforce a settlement agreement in a case over which it had jurisdiction. See id. at 358-60; see also Kokkonen, 511 U.S. at 381; Winter v. Novartis Pharms. Corp., 39 F.Supp.3d 348, 351 (E.D.N.Y. 2014).

Ms. Jolly and Ms. Williams seem to assume that the Court has ancillary enforcement jurisdiction over their recent allegations. Both are mistaken.[7]

Maketa Jolly

The allegations raised by Ms. Jolly concern conduct occurring in 2017 and 2018, at least two years after the parties' class action settlement was approved by the Court and the case was closed. Ms. Jolly does not identify any provision of the 2015 Settlement Agreement that was violated by defendant's alleged conduct, nor do Ms. Jolly's allegations implicate the terms

---

[7] As an initial matter, since Ms. Jolly and Ms. Williams are represented by class counsel, they should not be communicating directly with the Court.

9

of the 2015 Settlement Agreement. To be sure, Ms. Jolly alleges that defendant "violated #10 of your stipulation which clearly says that no Excelsior College representative should make claims to defame slander or smear class litigants names or otherwise make libel statements of harm to impede our future progress." 8/5/19 Ltr. at 1. Assuming Ms. Jolly intended to reference section XI of the 2015 Settlement Agreement, titled "Non-disparagement," her argument misses the mark. The non-disparagement provision contained in the 2015 Settlement Agreement prohibits members of the settlement class, class counsel and class representatives from disparaging Excelsior or its employees. See DE #151-1, § XI. The 2015 Settlement Agreement does not contain a reciprocal provision restricting defendant or its employees from communicating information regarding the named plaintiffs or class members. More specifically, the 2015 Settlement Agreement does not address whether Excelsior College is permitted to disclose to third parties that class members failed to complete the Nursing Program.

      Rather than seeking to enforce the terms of the 2015 Settlement Agreement, Ms. Jolly is endeavoring to impose new terms that were not agreed to by the parties. She asserts an entirely new theory of liability and seeks a different kind of relief from that litigated by the parties and addressed by the 2015 Settlement Agreement. The purpose behind ancillary enforcement jurisdiction –- "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees" -– does not militate in favor of exercising jurisdiction over Ms. Jolly's new, largely unrelated, allegations. See Peacock v. Thomas, 516 U.S. 349, 354, 358 (1996) ("we have cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original,'. . . or where 'the relief

10

[sought is] of a different kind or on a different principle' than that of the prior decree").

Simply put, Ms. Jolly's allegations are "more than just a continuation or renewal of the dismissed suit[,]" Kokkonen, 511 U.S. at 378, and are not ancillary to this action, see Peacock, 516 U.S. at 356 (as plaintiff's factual allegations were factually and logically independent of the original lawsuit, district court did not possess ancillary jurisdiction). Therefore, this Court respectfully recommends that the District Court deny the relief requested by Ms. Jolly for lack of ancillary jurisdiction.

Mary Elizabeth Williams

As to Ms. Williams, it does not appear that she is seeking any particular relief from the Court. The Court construes her papers as a rejection of the 2019 Settlement Agreement, rather than a request for its enforcement. To the extent that her papers could be construed as a motion, this Court recommends that the motion be denied for lack of ancillary jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motions filed by Maketa Jolly and Mary Elizabeth Williams be denied.

Any objection to the recommendations contained herein must be filed with Judge Weinstein by October 14, 2019. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is requested to send copies of this Report and Recommendation by Federal Express to:

11

Maketa Jolly
42 Kingston Terrace
Aston, PA 19014

Mary Elizabeth Williams
1008 Fairfield Avenue
Grenada, MS 38901

  **SO ORDERED.**

**Dated:**  **Brooklyn, New York**
    **September 26, 2019**

          /s/ *Roanne L. Mann*
         **ROANNE L. MANN**
         **CHIEF UNITED STATES MAGISTRATE JUDGE**