UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CAROLINE CASTELLAW, et al.,

                Plaintiffs,

- against -

EXCELSIOR COLLEGE,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-1048 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On April 15, 2021, Plaintiff Maketa Jolly, proceeding *pro se*, sought to reopen this over seven-year-old class action—which settled and was dismissed with prejudice in July 2015—by filing a "Motion to Supplement His [sic] Motion to Alter or Amend the Judgment [] or, in the Alternative, for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)." (Dkt. 222.) On April 26, 2021, Plaintiff filed a "Motion for Reopening Due to Federal Damages Violations of Bivens, Fraud on the Court." (Dkt. 224.) On May 17, 2021, Plaintiff filed a "Motion to Set Aside/Re-open New Evidence." (Dkt. 228.) By orders on April 28, May 5, and May 21, 2021, the Court referred these motions to the Honorable Roanne L. Mann, Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1).

On June 21, 2021, Judge Mann issued a Report and Recommendation ("R&R") recommending that the motions be denied as untimely and, in any event, frivolous. (*See* R&R, Dkt. 232, at 12–17.) Judge Mann also recommended, given Plaintiff's "ongoing practice of filing frivolous and repetitive letters, motions and lawsuits," that a filing injunction be imposed on Plaintiff, requiring her to seek and obtain advance leave of the Court before making future filings, and that Plaintiff be warned that violations will be punishable by monetary sanctions. (*Id.* at 18.) On July 9, 2021, Plaintiff timely filed an objection, styled as a "Response to Report and

1

Recommendation," to which Plaintiff attached over 150 pages of exhibits. (*See* Dkt. 234; *see also* R&R, Dkt. 232, at 19 (ordering that any objections must be filed by July 9, 2021).) For the reasons below, the Court overrules Plaintiff's objection and adopts in substantial part Judge Mann's thorough and well-reasoned R&R.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party timely files written objections to a magistrate judge's findings or recommendations on a dispositive issue, the district court must review *de novo* the aspects to which objections have been made. *See id.*; Fed. R. Civ. P. 72(b). Objections, however, "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "[G]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.'" *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b).").

"When a party makes only conclusory or general objections [to an R&R,] the Court will review the [R&R] strictly for clear error." *Condoleo*, 427 F. Supp. 3d at 319 (quoting *Trivedi v. N.Y. State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011)). Similarly, the portions of a magistrate judge's findings and recommendations to which no party timely objects need be reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150

2

(1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (citation omitted)).  Regardless of whether it engages in *de novo* review or reviews simply for clear error, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety," particularly when it is "clear" that "the challenges are meritless."  *Morris v. Local 804, Int'l Brotherhood of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord N.Y.C. Dist. Council of Carpenters*, 335 F. Supp. 3d at 351.

      Although "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks, italics, and citations omitted), "[e]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed a second bite at the apple by simply relitigating a prior argument," *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

**DISCUSSION**

I.  **The Court Adopts the Recommendation to Deny Plaintiff's Request to Reopen**

Plaintiff's "Response to Report and Recommendation," including its attached exhibits, does not make any specific objections to the R&R. (*See* Dkt. 234, at ECF[1] 1–14.) Rather, the response appears to rehash arguments, based on events occurring well after this case settled, that courts have rejected multiple times, as discussed below. Indeed, while Plaintiff's response does not mention the present R&R once, it specifically refers several times to Judge Mann's September *2019* R&R in this case (*see, e.g.*, *id.* at ECF 3, 7), which determined that other post-judgment motions by Plaintiff similar to the ones here were improperly seeking to litigate "new, largely unrelated, allegations" from the ones in the underlying class action, *see Castellaw v. Excelsior Coll.*, 414 F. Supp. 3d 371, 376–77 (E.D.N.Y. 2019). The Honorable Jack B. Weinstein, the District Judge previously assigned to this case, adopted Judge Mann's September 2019 R&R in full, finding Plaintiff's objection to that R&R "to be without legal merit." *Id.* at 371.

Additionally, many of the events that Plaintiff describes in her response have been the subject of various recent lawsuits by Plaintiff—including one that was filed in the District Court for the Eastern District of Pennsylvania, transferred to the District Court for the Northern District of New York, and ultimately dismissed on the merits on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Compare, e.g.*, Dkt. 234, at ECF 5, 7, 10, 12 (complaining that individuals associated with Excelsior College have allegedly divulged false information about Plaintiff's educational background to several states' boards of nursing and engaged in "a tri-state smear campaign" against Plaintiff), *with Jolly v. Excelsior Coll.*, No. 19-CV-1317, 2020 WL

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

3128535, at *2, *7 (N.D.N.Y. June 12, 2020) ("[P]laintiff alleges that defendant had reached out to several states' nursing boards to proactively inform them that plaintiff was misrepresenting herself as a graduate. . . . [Plaintiff's] allegations against Excelsior amount to little more than its telling the truth that she never graduated from its version of that program. In the absence of any allegations more egregious than defendant's honestly defending its reputation, plaintiff's complaint must be dismissed."), *reconsideration denied*, 2020 WL 3606374, at *4 (E.D.N.Y. July 2, 2020), *appeal dismissed as frivolous*, Order, No. 20-2162 (2d Cir. Mar. 11, 2021), ECF No. 163.

Accordingly, having carefully reviewed the record and Judge Mann's R&R, the Court finds no error—clear or otherwise—with Judge Mann's thoroughly-considered conclusion that Plaintiff's instant motions "renew meritless arguments, which this Court has already rejected and that are not viable under the Federal Rules of Civil Procedure." (*See* R&R, Dkt. 232, at 9.)

**II.     The Court Substantially Adopts the Recommendation to Impose a Filing Injunction**

Judge Mann also recommends that a filing injunction be imposed against Plaintiff. (*Id.* at 18.) Plaintiff makes no particular objection to this proposal. (*See generally* Dkt. 234.) Nevertheless, the Court reviews this recommendation in light of its "extraordinary" nature. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987); *see also Thomas*, 474 U.S. at 154 ("[W]hile [28 U.S.C. § 636(b)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").

"[A] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). Indeed, it is "beyond peradventure" that a district court "possesse[s] the authority to enjoin [a party] from

5

further vexatious litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23–24 (2d Cir. 1986) (collecting cases). In deciding whether to impose an injunction barring a party from making future filings, courts consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528). "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

In this case, all of the factors tilt in favor of imposing a filing injunction. Besides the numerous post-judgment motions and letters in this case (*e.g.*, Dkts. 203, 208, 213, 214, 218, 222, 224, 225, 227, 228, 231), Plaintiff has filed multiple, duplicative lawsuits in federal courts across several states, *see, e.g.*, *Jolly v. N.J. Bd. of Nursing*, No. 19-CV-13889 (NLH) (KMW) (D.N.J. filed June 17, 2019); *Jolly v. Excelsior Coll.*, No. 19-CV-1317 (DNH) (TWD), (N.D.N.Y. transferred from E.D. Pa. Oct. 25, 2019). After the Northern District of New York dismissed Plaintiff's complaint, Plaintiff appealed to the Second Circuit, which dismissed the appeal as "lack[ing] an arguable basis either in law or in fact." Order, *Jolly v. Excelsior Coll.*, No. 20-2162 (2d Cir. Mar. 11, 2021) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Aware of the Second Circuit's ruling but undeterred, Plaintiff filed the three instant motions here (Dkts. 222, 224, 228)—as well as a new complaint, which this Court transferred to the Northern District of New York, *see* Transfer Order, *Jolly v. Excelsior Coll.*, No. 21-CV-2930 (PKC) (RLM) (E.D.N.Y. May 27, 2021), ECF No. 2—all recycling similar allegations. These actions do not demonstrate

objective good faith. Moreover, although the Court is mindful that Plaintiff is proceeding *pro se*, courts "should not excuse frivolous or vexatious filings by *pro se* litigants," nor does a party's *pro se* status "exempt [them] from compliance with relevant rules of procedural and substantive law." *See Triestman*, 470 F.3d at 477 (internal quotation marks and citations omitted). Furthermore, Plaintiff's many filings have caused needless expense to other parties in this case (*see* Dkt. 229, at 7) and unnecessarily consumed valuable judicial resources. Finally, in connection with the instant motions, Judge Mann directed Plaintiff "to cease filing supplemental submissions unless [Plaintiff] first seeks and receives permission to do so." (5/7/2021 Docket Order.) Yet, as Judge Mann notes, "Plaintiff has ignored that directive." (R&R, Dkt. 232, at 18; *see also* Dkts. 227, 228, 230, 231). Stricter measures are plainly needed.

At the same time, however, the Court must be mindful that Plaintiff is afforded the proper "procedural safeguards." *See Moates*, 147 F.3d at 209. In this case, Judge Mann ordered Plaintiff to cease making submissions in connection with the instant motions without first seeking and receiving permission—an order that was ignored. (*See* 5/7/2021 Docket Order; *see also* Dkts. 227, 228, 230, 231.) In light of Plaintiff's disregard of that order and "her ongoing practice of filing frivolous and repetitive letters, motions and lawsuits," the R&R recommends "a filing injunction requiring that [Plaintiff] seek and obtain advance leave of court." (R&R, Dkt. 232, at 18.) Hence, Plaintiff was placed on notice of the possibility of a filing injunction and, moreover, was warned that "[f]ailure to file objections in a timely manner may waive a right to appeal." (*See id.* at 19.) Yet, Plaintiff failed to make any specific objections to the recommended filing injunction—and instead, filed a response simply rehashing similar arguments and grievances.

Accordingly, the Court finds it appropriate to impose a filing injunction, limited to this particular case, requiring Plaintiff to obtain permission from the Court each time before making

any submission, by filing a one-page letter showing cause why the submission should be accepted. *See Azeez v. City of New York*, No. 16-CV-342 (NGG) (SJB), 2020 WL 5554878, at *1, *10 (E.D.N.Y. Sept. 17, 2020) (adopting a similar leave-of-court requirement after *pro se* plaintiff filed a second Rule 60(b) motion that was "nothing short of frivolous"); *see also SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 12–13 (2d Cir. 2013) (summary order) (determining that the district court "acted well within its discretion" in imposing a filing injunction where "(1) the district court notified the [relevant party] of the possible injunction; (2) the [relevant party] continued to file repetitive motions, . . . ; and (3) the filing injunction [was] narrowly crafted in that it merely require[d] the [relevant party] to seek leave of the district court before filing further motions regarding th[e] [instant] case"). In addition, as recommended by Judge Mann, the Court warns Plaintiff that she could be monetarily sanctioned if she violates this injunction with respect to this case. However, at this time, the Court does not enjoin Plaintiff from making filings in other cases, but again warns Plaintiff that if she continues to file frivolous complaints or other documents that simply reiterate previously rejected arguments, the Court may impose additional sanctions, including monetary sanctions and/or a broader filing injunction, which could include requiring Plaintiff to attach any sanction order to any proposed filing.

## CONCLUSION

The Court adopts Judge Mann's thorough and well-reasoned Report and Recommendation in substantial part. Plaintiff's motions to reopen this case and/or for relief from judgment (Dkts. 222, 224, 228) are denied. In addition, going forward, before making any submission in this case, Plaintiff is required each time to obtain permission from the Court by filing a one-page letter showing cause why the submission should be accepted. Failure to do so will result in the submission not being accepted, and may result in monetary sanctions. Plaintiff is also warned that

continuing to file frivolous complaints or other documents may result in additional sanctions, including monetary sanctions and/or a broader filing injunction. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 20, 2021
      Brooklyn, New York